Davis, J.
The defendant in error made a lease for certain premises to one Scott “and his heirs, executors and administrators.” The lease contained no restriction against assignment thereof, and it was, therefore, assignable. The lessee assigned the lease to the plaintiff in error as security for a debt, with a condition that if the debt should not be paid in six months the assignment should become absolute. The debt was. not so paid and the plaintiff in error took possession of the premises under the assignment, and thereby became the tenant of the defendant in error, and as such paid to her the rent for the leased premises. The plaintiff in error sublet to one Walsh the premises described in the lease, which lease had been assigned to the plaintiff, with a condition that no liquor should be sold on the premises in violation of law. There being no privity of estate or of contract between Walsh and the original lessor, the defendant in error, the latter could maintain no action against him upon the covenants in the original lease. Her right of action, if any, was solely against the assignee, that is, the plaintiff in error. Taylor, Landlord and Tenant (8th ed.), Section 16.
The lease contained a covenant as follows: “That if liquor shall be sold therein the business shall he conducted strictly according to law, and all taxes paid.” This stipulation is an essential condition of the original contract, and the burden of it was consequently imposed upon the assignee with the estate which he acquired by the assignment of the lease. In other words, it is a covenant running with the land. Therefore, when Walsh, the subtenant of the plaintiff in *10 error, violated this covenant, it was a violation by the plaintiff in error, as between him and the original lessor; and the latter had a good cause of action against the plaintiff in error.
On the trial of this case in the court of common pleas, every essential fact charged in the amended petition was admitted by the defendant, except the allegations that Walsh sold intoxicating liquors in violation of law to Whittaker, and “all allegations in relation to such sale in said amended petition contained” were expressly denied. It was, in substance, alleged in the amended petition that while Walsh was in possession of the demised premises, as the tenant of the plaintiff in error, he sold liquors to Whittaker in violation of law; that Whittaker’s wife obtained a judgment therefor, and afterwards brought an action in the court of common pleas, against the defendant in error as the owner of the premises where the liquors were sold, the plaintiff in error as the assignee of the lease, and certain lienholders, alleging said judgment and praying for the sale of said premises to satisfy the same; and that the same were accordingly sold under order of the court in that case. These állegations were put in issue; for they were all “allegations in relation to such sale,” and as such were denied by the answer. On the issue thus made there could be no better, nor more conclusive, evidence, than the record which was offered by the defendant in error, and which showed, among other things, that the plaintiff in error had been served with summons and had appeared in the action by an answer which was withdrawn by leave of the court, and that the case had been submitted to the court, the plaintiff in error being in default for answer. The common pleas court committed an error in rejecting this evidence, which *11 would have completed the proof of the plaintiff’s case, and therefore erred in giving judgment for the defendant when it ouglit to have rendered judgment for the plaintiff.
It may be added that the plaintiff in error could not defend himself in this action by alleging a want of that knowledge which he was bound to have by the conditions of his title; Mullen v. Peck et al., 49 Ohio St., 447, 459; nor by alleging knowledge, by the defendant in error, of Walsh’s violation of the law. As we have said, there was no privity between Walsh and the defendant in error. She had no authority over him, could not control his acts and could only look to the plaintiff in error for indemnity. The judgment of the circuit court is

Affirmed.